JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**   **(In Chambers) Order Granting the RSUI Group, Inc.'s, XL CAPITAL, Ltd.'s, and Houston Casualty Company's Motion to Remand**

Pending before the Court is the Petition to Compel Arbitration, filed by Certain Underwriters at Lloyds of London, and the Motions to Remand and Dismiss, filed by RSUI Group, Inc., XL CAPITAL, Ltd., and Houston Casualty Company. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motions to Remand and Dismiss, and DENIES the Petition to Compel Arbitration.

I.   Background

This is an insurance coverage action that concerns four different policies issued to Parking Concepts, Inc. and Parking Concepts Shuttle Service, Inc. (collectively, "Plaintiffs") by four different insurers. According to Plaintiffs, all policies provide, *inter alia*, coverage for employment-related claims asserted against Plaintiffs and also impose upon the insurers a duty to defend. The first policy in question was issued by Certain Underwriters at Lloyds of London ("Lloyds") and provided coverage for claims alleging wrongful acts first made and recorded between June 1, 2003 and June 1, 2004. The second policy was issued by Houston Casualty Company ("Houston") and provided coverage for claims alleging wrongful acts first made and recorded between June 1, 2004 and June 1, 2005. The third policy, which was issued by Greenwich Insurance Company ("Greenwich") on behalf of XL CAPITAL, Ltd. ("XL CAPITAL"), provided coverage for claims alleging wrongful acts first made and recorded between June 1, 2006 and June 1, 2007. The fourth and final policy was issued by RSUI Group,

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

Inc. ("RSUI") and provided coverage for claims alleging wrongful acts first made and recorded between June 1, 2007 and June 1, 2008.

     Between April of 2004 and December of 2009, various individuals and entities named Plaintiffs as defendants in six separate class action complaints, each of which is based on allegations that Plaintiffs' business operations violated California's labor laws in numerous ways. Plaintiffs tendered each of these complaints to the foregoing insurers and requested defense and indemnity under the issued policies. RSUI, Houston, and XL Capital completely denied defense and indemnity. By contrast, Lloyds initially denied coverage, but has since defended Plaintiffs under a reservation of rights. However, allegedly in breach of Lloyds' contract, Lloyds has not fully paid Plaintiffs' defense costs.

     In light of the foregoing, Plaintiffs, on May 21, 2009, filed a complaint against RSUI, Houston, Greenwich,[1] and Lloyds, asserting against each of them claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Then, on July 15, 2009, Lloyds removed this action to the Court under 9 U.S.C. § 205.[2] The notice of removal filed by Lloyds makes no mention of whether Lloyds' co-defendants consented to removal. Five days later, Lloyds filed a Petition for an Order to Compel Arbitration. Thereafter, Greenwich, RSUI, and Houston (collectively, the "Unconsenting Defendants") filed a Motion to Remand and a Motion to Dismiss for Lack of Personal Jurisdiction.[3]

---

[1] The complaint actually names XL Capital as a defendant. However, Greenwich has represented to this Court that XL Capital was erroneously named as a defendant in this action and that Greenwich is, in fact, the correct defendant.

[2] In relevant part, 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

[3] The Unconsenting Defendants' Motion to Dismiss incorporates by reference their Motion to Remand, and raises no new arguments. In other words, it is duplicative of the Motion to Remand. Accordingly, the Court treats the two Motions as one, and refers to both Motions herein as the Motion to Remand.

JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

II.     Legal Standard

A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447(c). Removal statutes are strictly construed and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal means that the defendant always has the burden of establishing that removal is proper. *Id.*

III.    Discussion

Presently before the Court is the Unconsenting Defendants' Motion to Remand and Lloyds' Petition to Compel Arbitration.[4] The Unconsenting Defendants argue that remand is proper because Lloyds failed to obtain its co-defendants' consent prior to removing this action. For the reasons that follow, the Court agrees.

28 U.S.C. § 1446 requires all proper defendants to join or consent to the removal notice. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Where fewer than all the defendants have joined in a removal action, the removing party has the burden to explain affirmatively in the notice of removal the absence of any co-defendants. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Absent such explanation, the removal notice is "facially deficient" and, if the deficiency is not cured within the thirty-day statutory period permitted for joinder, then removal is improper and remand is appropriate. *Id.*

Instructive here is a relatively recent Ninth Circuit decision. In *Prize Frize*, the plaintiffs filed a fourth amended complaint against Matrix, Inc. ("Matrix") and thirty-two other defendants. *Id.* at 1264. Although thirty-three defendants were named in the action, only ten additional defendants joined Matrix in the notice of removal. *Id.* In their notice of removal, the eleven removing defendants (the "Matrix defendants") explained that they did not obtain the consent of the other twenty-two defendants because they believed that "many" of the other named defendants had not been properly served in the matter. *Id.* Thus, they reasoned, they fell under a well-established exception to the rule of unanimity. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be

---

[4]Lloyds' Petition is unopposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

joined" in a petition for removal). The Ninth Circuit, however, disagreed. *See Prize-Frize*, 167 F.3d at 1266-67.

The Ninth Circuit began its analysis by observing that "[t]he only explanation provided in the removal notice for failure to comply with the unanimity requirement was that the Matrix defendants 'have been informed and believe that *many* of the other defendants named in the fourth amended complaint caption have not been properly served in this matter.'" *Id.* at 1266 (emphasis in original). However, the Ninth Circuit continued, because "many" and "all" are not synonymous, the notice was facially deficient because it did not explain why *all* non-joining defendants had not consented. *Id.* Accordingly, the Ninth Circuit concluded that the Matrix defendants "plainly and simply" failed to meet the removal requirements of 28 U.S.C. § 1446(a), thereby making removal improper. *Id.* The Ninth Circuit then reversed the district court's denial of a motion to remand, and remanded the case with directions for the district court to remand the case to state court. *Id.* at 1267.

The instant notice of removal suffers from an even more glaring deficiency than did the notice of removal in *Prize Frize*. In *Prize Frize*, the removing defendants included some sort of explanation as to why they failed to obtain the consent of the other defendants. Here, by contrast, there is no mention whatsoever of the rule of unanimity or Lloyds' attempts to comply with it. Thus, like the notice of removal in *Prize Frize*, the applicable notice of removal "plainly and simply" fails to meet the removal requirements of 28 U.S.C. § 1446(a). Additionally, since the removal notice's deficiency remains uncured past the thirty-day statutory period, removal is improper and remand is, therefore, appropriate. *See Prize Frize*, 167 F.3d 1266-67.

In an attempt to avoid remand, Lloyds makes two arguments, neither of which is persuasive. First, Lloyds contends that because it is removing this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 205, it need not comply with the procedural requirements set forth in, and judicially grafted on, the general removal statute found at 28 U.S.C. § 1446(a). In support of this position, Lloyds juxtaposes the FAA's timing requirement with that of the general removal statute. *Compare* 9 U.S.C. § 205 *with* 28 U.S.C. § 1446(b). Under the FAA, when an action relates to an arbitration agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, the defendant or the defendants may remove the action at any time before the trial thereof. 9 U.S.C. § 205. By contrast, under the general removal statute, defendants must file their notice of removal with the district court within thirty days after learning that the action is removable. *See* 28 U.S.C. § 1446(b). According to Lloyds, the more flexible time period allotted to defendants under the FAA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

indicates Congress' intention to make removal under the FAA much more relaxed than removal under the general removal statute.

The Court disagrees with Lloyds' interpretation of the relevant statutory scheme. Presumably, if Congress wanted to exempt FAA removals from the unanimity requirement of 28 U.S.C 1446(b), then it would have been explicit about its intent. Indeed, in other statutory schemes, Congress has been so explicit. *See* 28 U.S.C. § 1453(b) (allowing defendants in class actions brought under the Class Action Fairness Act of 2005 to remove those actions without the consent of the other defendants). Thus, the fact that Congress changed the removal time period under the FAA but did not mention the unanimity requirement actually cuts against Lloyds' position. More importantly, the FAA itself indicates that, with one exception that is not relevant here, "[t]he procedure for removal of causes otherwise provided by law shall apply . . . ." 9 U.S.C. § 205. As the unanimity requirement is a procedure for removal provided by law, it applies in this action. And since Lloyds failed to obtain the consent of the Unconsenting Defendants before removing, Lloyds improperly removed this action under both 9 U.S.C. § 205 and 28 U.S.C. § 1446.

Lloyds' second argument is equally unavailing. Put simply, Lloyds argues that it did not have to obtain the Unconsenting Defendants' consent because Lloyds was fraudulently joined to defeat diversity jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"). The Court need not reach this argument and inquire into whether Lloyds has carried its burden of establishing fraudulent joinder. As the Ninth Circuit made clear in *Prize Frize*, where fewer than all the defendants have joined in a removal action, the removing party has the burden to explain affirmatively in the notice of removal the absence of any co-defendants. *Prize Frize*, 167 F.3d at 1266. Absent such explanation, the removal notice is "facially deficient" and, if the deficiency is not cured within the thirty-day statutory period permitted for joinder, then removal is improper and remand is appropriate. *Id.* As noted above, the notice of removal in this case is facially deficient. The deficiency has not been cured within the thirty-day statutory period permitted for joinder. That ends the relevant inquiry, thereby eliminating any need to determine whether fraudulent joinder occurred in this case.

IV.  Conclusion

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5143 PSG (AJWx) | Date | September 11, 2009 |
|---|---|---|---|
| Title | Parking Concepts, Inc. v. RSUI Group, Inc. | | |

    Based on the foregoing, the Court GRANTS the Unconsenting Defendants' Motion to Remand. Furthermore, this ruling renders moot Lloyd's Petition to Compel Arbitration. All pending dates are hereby vacated.

    **IT IS SO ORDERED.**